UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION<br><br>      Plaintiff<br><br>      v.<br><br>DOREEN L. WILSON a/k/a<br>DOREEN WILSON,<br>      Defendant. | No. 2:18-cv-00366-JAW |

**ORDER DEFERRING RULING ON MOTION TO AMEND COMPLAINT**

A plaintiff moves to amend its foreclosure complaint against a defendant to comply with the requirements of 14 M.R.S. § 6321. The Court, noting an apparent defect in the notice of the mortgagor's right to cure, defers ruling on the motion pending further briefing from the plaintiff explaining how the notice complies with the statutory requirements of 14 M.R.S. § 6111.

**I.    BACKGROUND**

On September 12, 2018, Federal National Mortgage Association (Federal National) filed a complaint in this Court against Doreen Wilson, bringing an action for foreclosure on a residential mortgage. Along with the Complaint, Federal National filed a number of exhibits in an attempt to demonstrate its compliance with Maine foreclosure laws pursuant to § 6111 and § 6321. *Compl.* (ECF No. 1); Attach. 1, *Ex. A Legal Description*; Attach. 2, *Ex. B Note*; Attach. 3, *Ex. C Mortgage*; Attach. 4, *Ex. D Loan Modification Agreement*; Attach. 5, *Ex. E Assignment of Mortgage*; Attach. 6, *Ex. F. Demand Letter* (*Demand Letter*); Attach. 7, *Ex. G Certificate of*

1

*Mailing*; Attach. 8, *Ex. H Military statement*. On February 1, 2019, Federal National filed a motion for entry of default against Ms. Wilson. *Mot. for Entry of Default* (ECF No. 7). On February 5, 2019, Federal National moved for default judgment. *Mot. for Default J.* (ECF No. 9) (*Mot. for Default J.*).

The Court issued an order on February 11, 2019, deferring ruling on Federal National's motion for default judgment and allowing it to request a hearing on the motion. *Order on Mot. for Default J.* (ECF No. 10) at 4. In its order, the Court noted that two requirements of Maine's foreclosure statute did not appear to be met in the Plaintiff's Notice of Cure and the Complaint. *Id.* at 3-4. First, "[t]he Notice of Default and Right to Cure does not include interest in its itemized list of past due amounts in accordance with § 6111." *Order. on Mot. for Default J.* at 4 (citing *Demand Letter* at 3). Second, although "Maine law requires that the 'complaint must . . . describe the mortgaged premises intelligibly, including the street address of the mortgaged premises, if any, which must be prominently stated in the first page of the complaint', 14 M.R.S. § 6321, . . . [h]ere, the street address of the mortgaged property does not appear until the second page of the Complaint." *Id.*

The Court granted the Plaintiff's motion for a hearing on February 13, 2019. *Order on Mot. for Hearing* (ECF No. 12), and a hearing was held on March 25, 2019. *Min. Entry* (ECF No. 14). During the hearing, the Court gave Federal National an opportunity to respond to the Court's preliminary determination that the notice of cure and the complaint failed to meet the requirements of § 6231 and § 6111.

2

With respect to the determination that it failed to include "reasonable interest and late charges specified in the mortgage" in the right to cure notice it provided to Ms. Wilson, as required under § 6111(1), Federal National acknowledged that although its demand letter to Ms. Wilson states, "[a]n itemization of the Cure amount, including amounts of past due principal and interest, as well as fees, costs, and all charges required to cure the default is attached to this letter," the itemized cure amount it attached to the letter does not list the interest owed by Ms. Wilson. *Demand Letter* at 1, 3. Federal National argued that the statute does not require the contents of the notice, under section 1-A, to list interest and late charges associated with the mortgage. The Plaintiff contended that the requirement under § 6111(1) that written notice be provided to the mortgager that "the mortgager has the right to cure the default by full payment of all amounts that are due without acceleration, including reasonable interest and late charges specified in the mortgage or note as well as reasonable attorney's fees" does not refer to the required contents of the notice, which are listed in section 1-A of the statute.

When the Court raised Federal National's failure to include the address of the mortgaged residence on the first page of the Complaint, as required by § 6321, the Plaintiff conceded the mistake and asked the Court for leave to determine whether its preferred course of action was to file a motion to amend the complaint or voluntarily dismiss the complaint and re-file. The Court agreed.

On March 29, 2019, Federal National moved to amend the Complaint. *Mot. to Amend Compl.* (ECF No. 16) (*Pl.'s Mot. to Amend*). Its Amended Complaint corrects

3

the defect in its original Complaint by listing the street address of the mortgaged residence prominently on the first page of the complaint, as required by § 6321.

## II. ANALYSIS

Upon further consideration of Federal National's position regarding its compliance with the requirements of § 6111, the Court is not convinced that the plain language of the statute does not require the notice to include "reasonable interest and late charges specified in the mortgage or note as well as reasonable attorney's fees." § 6111(1). Although section 1-A lists required contents of the notice, section 1 requires that written noticed be provided to the mortgagor include a cure amount, itemized to include "reasonable interest and late charges specified in the mortgage or note as well as reasonable attorney's fees." *Id*.

Here, Federal National's Notice to Cure dated June 26, 2018 stated:

> As of June 26, 2018, the full amount past due is $55,150.85 (the "Cure Amount"). Pursuant to 14 M.R.S.A. § 6111, the Loan Documents, and/or the Maine Consumer Credit Code, you have a right to cure the default by paying the full Cure Amount on or before August 3, 2018 (the "Cure Date").

*Mot to Am. Compl.* Attach. 7, *Demand Letter* at 1. The letter goes on to state that "[a]n itemization of the Cure Amount, including amounts of past due principal and interest, as well as fees, costs, and all charges required to cure the default is attached to this letter." *Id.* Attached to the letter is the following itemization:

Itemization of Cure Amount through June 26, 2018

| | |
|---|---|
| Principal Payment<br>    59 missed payments | $50,561.82 |
| Escrow Payment | ($4,750.97) |

4

| | |
|---|---|
| Attorney's Fees | $1,002.00 |
| Late Charges Due | $896.21 |
| Title Report Fee | $170.00 |
| Property Preservation Expense | $7,271.79 |
| Total Arrearage | $55,150.85 |

*Id.* at 2.

The Court is curious how this itemization complies with the statutory requirement that the mortgagee must inform the mortgagor of the "reasonable interest. . . specified in the mortgage or note" that the mortgagee is asserting it is owed. The itemization makes no mention of interest and there is no way for the mortgagor to calculate the amount of interest, as opposed to principal, that Federal National is claiming it is owed. In fact, the itemization does not live up to Federal National's own statement on the first page of the notice to cure, namely that Federal National is providing "[a]n itemization of the Cure Amount, including amounts of past due principal and interest. . .." *See JP Morgan Chase Bank, N.A. v. Lowell*, 2017 ME 32, ¶ 20, 156 A.3d 727 ("That JP Morgan has not maintained a consistent interpretation of the notice is a further indication that the notice fails to precisely state the amount required to cure the default"). Finally, it is unclear whether in referring to "Principal Payment," Federal National is asserting the right to declare a default based only on the mortgagor's failure to pay monthly principal amounts or whether in referring to principal payments, it is including past due interest. If so, the Court at least is confused by Federal National's use of language.

5

"Our rules of statutory construction direct that, when possible, we should not construe statutes . . . to render statutory language surplusage or meaningless." *Maine Ass'n of Retirees v. Bd. of Trs. of Maine Pub. Emps. Ret. Sys.,* 954 F. Supp. 2d 38, 53–54 (D. Me. 2013). Furthermore, under *Bank of America, N.A. v. Greenleaf,* "[a] plaintiff seeking a foreclosure judgment 'must comply strictly with all steps required by statute.'" 2014 ME 89, ¶ 18, 96 A.3d 700 (citations omitted). The legislative policy underlying the specificity requirement is not difficult to divine. Before foreclosing on a person's residence, the lender owes a basic statutory responsibility to explain to the borrower what precisely it contends is owed, and specifically to assure the borrower that the amounts of interest imbedded in the past due figures are consistent with the note the borrower agreed to pay and the mortgage the borrower signed.

The Court must deny a motion to amend as futile if the "complaint, as amended, could not withstand a motion to dismiss." *Shannon v. Houlton Band of Maliseet Indians,* 54 F. Supp. 2d 35, 38 (D. Me. 1999) (*citing Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir. 1996); *Schock v. United States,* 21 F. Supp. 2d 115, 124 (D.R.I. 1998)). In the Court's view, the Amended Complaint does not appear to comply with the requirements of statutory provision § 6111. Rather than deny the motion to amend outright, however, the Court will give Federal National an opportunity to convince the Court that it has complied with the requirements of § 6111 before denying the motion.

The Court concedes that the language in Federal National's notice to cure could comply with the statute. The Court located two Maine cases, *Lowell,* 2017 ME 32, at

6

¶ 14, and *TD Bank, N.A. v. Cormier*, No. CARSC-RE-16-34, 2018 Me. Super. LEXIS 215, at *17 (Me. Super. Oct. 2, 2018), where the Maine Supreme Judicial Court and the Maine Superior Court addressed foreclosures containing similar (though not identical) notices and neither court raised the issue that is troubling this Court.  This is why, instead of dismissing the Complaint and Motion to Amend Complaint, the Court is anxious to hear further from Federal National.

The Court, therefore, DEFERS ruling on Federal National Mortgage Association's Motion to Amend (ECF No. 16) for fourteen days, to allow Federal National Mortgage Association to further develop arguments regarding compliance with 14 M.R.S.A. § 6111.  If no filing is received within such time, the Court will dismiss without prejudice the Motion to Amend Complaint (ECF No. 16) and the Complaint (ECF No. 1).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of April, 2019