UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| FEDERAL NATIONAL MORTGAGE ASSOCIATION | ) |  |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | 2:18-cv-00366-JAW |
| DOREEN L. WILSON a/k/a DOREEN WILSON, | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION TO AMEND COMPLAINT**

A plaintiff moves to amend its foreclosure complaint against a defendant to comply with the requirements of 14 M.R.S. § 6321. The Court grants the motion.

**I. BACKGROUND**

Federal National Mortgage Association (Federal National) filed a complaint in this Court on September 12, 2018, bringing an action for foreclosure on a residential mortgage. *Compl.* (ECF No. 1). Federal National filed a number of exhibits in an attempt to demonstrate its compliance with Maine foreclosure laws pursuant to section 6111 and section 6321. *Id.* Attach. 1, *Ex. A Legal Description*; Attach. 2, *Ex. B Note*; Attach. 3, *Ex. C Mortgage*; Attach. 4, *Ex. D Loan Modification Agreement*; Attach. 5, *Ex. E Assignment of Mortgage*; Attach. 6, *Ex. F. Demand Letter* (*Demand Letter*); Attach. 7, *Ex. G Certificate of Mailing*; Attach. 8, *Ex. H Military statement*. On February 1, 2019, Federal National filed a motion for entry of default against Ms. Wilson. *Mot. for Entry of Default* (ECF No. 7). Then, on February 5, 2019, Federal

National moved for default judgment. *Mot. for Default J.* (ECF No. 9) (*Mot. for Default J.*).

### A. Order Deferring Ruling on Plaintiff's Motion for Default Judgment

The Court issued an order on February 11, 2019, deferring ruling on Federal National's motion for default judgment and allowing it to request a hearing on the motion. *Order on Mot. for Default J.* at 4 (ECF No. 10). In its order, the Court noted its concern that two requirements of Maine's foreclosure statute may not be met in the Plaintiff's Notice of Cure and the Complaint. *Id.* at 3-4. First, "[t]he Notice of Default and Right to Cure does not include interest in its itemized list of past due amounts in accordance with § 6111." *Id.* at 4 (citing *Demand Letter* at 3). Second, the Court noted,

> Maine law requires that the "complaint must . . . describe the mortgaged premises intelligibly, including the street address of the mortgaged premises, if any, which must be prominently stated in the first page of the complaint", 14 M.R.S. § 6321, . . . [h]ere, the street address of the mortgaged property does not appear until the second page of the Complaint.

*Id.*

### B. Hearing on Federal National Mortgage's Motion for Default Judgment

At Federal National's request, a hearing on its motion for default judgment was held on March 25, 2019. *Min. Entry* (ECF No. 14). During the hearing, the Court gave Federal National an opportunity to respond to the Court's preliminary determination that the notice of cure and the complaint failed to meet the requirements of sections 6231 and 6111.

2

Regarding its apparent failure to include the address of the mortgaged residence on the first page of the Complaint, as required by section 6321, the Plaintiff conceded the mistake and asked the Court for leave to determine whether it preferred to move to amend or voluntarily dismiss the complaint and re-file. The Court agreed.

In response to the Court's initial conclusion that Federal National did not include "reasonable interest and late charges specified in the mortgage," in the right to cure notice it provided to Ms. Wilson, Federal National acknowledged that the itemized cure amount it attached to the letter does not list the interest owed by Ms. Wilson, in contradiction to the language of its demand letter, which states, "[a]n itemization of the Cure amount, including amounts of past due principal and interest, as well as fees, costs, and all charges required to cure the default is attached to this letter[.]" *Demand Letter* at 1, 3. Federal National argued that section 6111(1-A), which lists the required contents of the notice, does not include interest and late charges associated with the mortgage. It contended that section 6111(1), which requires written notice be provided to the mortgager that "the mortgager has the right to cure the default by full payment of all amounts that are due without acceleration, including reasonable interest and late charges specified in the mortgage or note as well as reasonable attorney's fees" does not refer to the required contents of the notice listed in section 1-A of the statute.

C.    **Motion to Amend Complaint**

Federal National moved to amend the Complaint on March 29, 2019. *Mot. to Amend Compl.* (ECF No. 16) (*Pl.'s Mot. to Amend*). Its Amended Complaint corrects

the defect in its original Complaint by listing the street address of the mortgaged residence prominently on the first page of the complaint, as required by section 6321.

D. **Order Deferring Ruling**

On April 30, 2019, the Court issued an order deferring ruling on the Plaintiff's motion to amend its Complaint, stating that upon its further consideration of Federal National's position, it remains unclear whether Federal National complied with the requirements of section 6111 when it failed to include interest in its itemized amounts in the right to cure letter. *Order Deferring Ruling on Mot. to Am. Compl.* (ECF No. 16) (*Order Deferring Ruling*). The Court noted that on the one hand, section 6111(1) requires that the notice include "reasonable interest and late charges specified in the mortgage or note as well as reasonable attorney's fees", and the rules of statutory construction instruct that "when possible, we should not construe statutes . . . to render statutory language surplusage or meaningless." *Id*. at 6 (quoting *Maine Ass'n of Retirees v. Bd. of Trs. of Maine Pub. Emps. Ret. Sys.,* 954 F. Supp. 2d 38, 53–54 (D. Me. 2013)). The Court also noted the Law Court's requirement that Maine's foreclosure statute be strictly construed. *Id*. (quoting *Bank of America, N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700). At the same time, the Court discussed two Maine cases in which the courts "addressed foreclosures containing similar (though not identical) notices and neither court raised the issue that is troubling this Court." *Id*. at 7. In light of the unresolved issue, the Court asked Federal National to "further develop arguments regarding compliance with 14 M.R.S.A. § 6111." *Id*.

E. **Federal National Mortgage Association's Response**

Federal National responded to the Court's order, arguing that the right to cure notice it provided to Ms. Wilson complied with 14 M.R.S. section 1611, and, in the alternative, section 6111 does not apply here "because there is compelling evidence that Defendant was not occupying the property as her primary residence, as § 6111(1) requires." *Mem. in Support of Mot. to Am. Compl.* at 1 (ECF No. 19) (*Pl.'s Mem.*). It argues that section 6111 should be interpreted as not requiring itemized interest in the right to cure notice because to do so would "render the two sections [of the statute] duplicative." *Id.* at 4.

Federal National contends that "[s]ection 6111 does not mandate a separate itemization of interest" and "[s]ection 6111(1-A) stops short of detailing what level of itemization is required." *Id.* at 2. Federal National further states that it is "unaware of any Maine decisions holding that a demand letter failed to comply with Section 6111 because it failed to separately itemize the interest portion of a monthly payment . . ..", and cites a District of Maine case in which Judge Singal found that the defendant "was duly noticed of her default pursuant to the statute . . ." when the right to cure notice did not itemize interest, but, as here, listed only the total monthly payments due.[1] *Id.* at 4 (quoting *Citibank, N.A. v. York*, No. 2:17-cv-90-GZS, 2018 WL 2416587 (D. Me. May 29, 2018); *J. of Foreclosure and Sale* (ECF No. 70); *Compl.*, Attach. 8, *Demand Letter* (ECF No. 1)).

---

[1] In its order deferring judgment, the Court puzzled over whether "in referring to "Principal Payment," Federal National is asserting the right to declare a default based only on the mortgagor's failure to pay monthly principal amounts or whether in referring to principal payments, it is including past due interest." *Order Deferring Ruling* at 5. In response, Federal National states that its reference to "principal payment" includes not just the principal on the mortgage, but it also includes interest charges. *Def.'s Mem.* at 5-6.

5

As evidence of its second argument, Federal National states that an attempt to serve Ms. Wilson at the property address was unsuccessful, and that the officer who attempted service wrote that the residence "is vacant, has been for a period of time. House is in poor condition[,] not safe to enter, with yellow caution tape wrapped around the front . . ." *Id.* at 6, Attach 1., *Ex. A*. Service was completed to Ms. Wilson in hand at a different address, and the notice of cure amount and default letter was sent to a post office box. *Id.* at 6-7. Federal National states that it "presented evidence of compliance with Section 6111 out of an abundance of caution, but by its very terms Section 6111 does not apply to this case." *Id.* at 7. Furthermore, according to Federal Mortgage, Ms. Wilson has waived the affirmative defense of noncompliance with section 6111. *Id.* at 8.

## II. ANALYSIS

With some hesitation, the Court grants Federal Mortgage's motion to amend. As discussed in its previous order deferring ruling, Maine case law has not specifically addressed whether itemized interest must be listed in the cure amount in interpretation of section 6111(1). *Order Deferring Ruling* at 5. Although section 6111(1-A), which lists the required contents of the written notice, does not specify interest in its required itemization of past due amounts, section 6111(1) requires that a written notice be given to the mortgagee "that the mortgager has the right to cure the default by full payment of all amounts that are due without acceleration, including reasonable interest and late charges specified in the mortgage or note as well as reasonable attorney's fees." Federal Mortgage argues that the relevant

6

language of section 6111(1) "merely enumerates the types of charges that may be included in such cure amount", while section 6111(1-A) "sets forth what any such letter *must* include." *Pl.'s Mem.* at 2 (emphasis in original).

In its previous order, the Court noted two Maine cases in which courts did not find similar notice of cure letters defective on the ground that they failed to list itemized interest. *Order Deferring Ruling* at 6-7 (citing *JP Morgan Chase Bank, N.A. v. Lowell*, 2017 ME 32, ¶ 20, 156 A.3d 727; *TD Bank, N.A. v. Cormier*, No. CARSC-RE-16-34, 2018 Me. Super. LEXIS 215, at *17 (Me. Super. Oct. 2, 2018)). In its memorandum, Federal Mortgage cites a District of Maine case concluding that the defendant was properly noticed of her default despite that the demand letter provided an itemized list of only the total monthly payments, late charges, and fees due—not an itemization of interest. *Pl.'s Mem.* at 4 (citing *York*, 2018 WL 2416587; *J. of Foreclosure and Sale* (ECF No. 70); *Compl.*, Attach. 8, *Demand Letter* (ECF No. 1)). The Court located no caselaw, and Federal Mortgage provided none, where a court responded to parties directly raising whether the precise amount of past due interest must be included in the itemization provided in a right to cure notice.

For purposes of Federal Mortgage's motion to amend the complaint, the Court accepts its position on this issue. The Court does so for several reasons. First, whether a mortgagee is required to inform the mortgagor the amount of overdue interest when initiating a foreclosure under 14 M.R.S. § 6321, including the notice provisions of 14 M.R.S. § 6111, is a novel issue of state law and the First Circuit has cautioned district courts in diversity cases to avoid blazing new trails in state law.

7

*Kando v. R.I. State Bd. of Elections*. 880 F.3d 53, 61, n.4 (1st Cir. 2018) ("Federal courts have a long history of reluctance to expand the frontiers of state law"); *Kassel v. Gannett Co.*, 875 F.2d 935, 949 (1st Cir. 1989). Second, here the mortgagor is not represented by counsel, so if there is an argument to the contrary, the Court has not benefitted from an adversarial position. Third, in the same vein, Doreen Wilson is defaulted and has not raised any arguments of statutory compliance.[2] In these circumstances, the Court concludes it is wiser to allow Federal National to amend its complaint without reaching the merits of the notice requirements under 14 M.R.S. § 6321 and § 6111.

## III. CONCLUSION

The Court GRANTS Federal National Mortgage Association's Motion to Amend Complaint (ECF No. 16).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of May, 2019

---

[2] Federal National argues that Ms. Wilson, as a defaulted mortgagor, waived any challenge to the sufficiency of the demand letter by failing to respond to its foreclosure action. *Pl.'s Mot.* at 7. The Court does not agree. A mortgagee like Federal National must "strictly comply with all statutory foreclosure requirements . . .." *Greenleaf*, 2014 ME 39, ¶ 39, 96 A.3d 100. In the Court's view, a mortgagor's default does not relieve a mortgagee from its obligation to demonstrate strict compliance with the foreclosure statute.

8